

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Quincy Hawkins
County Auditor
Henderson County
Athens, Texas

Dear Sir:

Opinion No. O-1498
Re: Right of a person to vote in
a School Consolidation Elec-
tion in October, 1939, by
virtue of having paid his
poll tax and property taxes
in October, 1939.

We received your letter of September 22, 1939,
together with a further explanation of the facts shortly
thereafter requesting our opinion of the following ques-
tion:

"If a person pays his poll tax
at the same time he pays his property
taxes in October, 1939, may he or she
vote in a school consolidation election
prior to January, 1940, by reason of
that fact alone."

Article 2959, Revised Civil Statutes, 1925, pro-
vides among other things that the poll tax ". . . shall be
paid at any time between the first day of October and the
first day of February following . . ."

Article 2955, Revised Civil Statutes, 1925, pro-
vides, in part, as follows:

". . . provided that any voter who
is subject to pay a poll tax under the
laws of this State . . . shall have paid
said tax before offering to vote at any
election in this State and holds a re-
ceipt showing that said poll tax was paid
before the first day of February next pre-
ceding such election; . . . The provisions

Honorable Quincy Hawkins, Page 2

of this Article as to casting ballots
shall apply at all elections including
general, special and primary elections."

Your attention is called to the opinion of Honorable Scott Gaines, Assistant Attorney General, rendered March 31, 1931, in response to the following question:

"Who is a qualified voter in a
bond election?"

The opinion, in part, reads as follows:

"In order that one be entitled
to vote in said election, it would be
necessary that he or she shall have
paid a poll tax prior to February
1st of the year in which the person
seeks to vote and holds a proper poll
tax receipt issued therefor, or is
exempted therefrom . . ."

We believe this opinion is equally applicable to the question you ask.

We call your attention to the case of Neil et al v. Pile et al, found in 75 S. W. (2) 899. In this case, some twenty persons presented their 1933 poll tax receipts and were allowed to vote by virtue thereof, in an election held January 9, 1933. The court uses the following language:

"The election was held on January
9, 1933, and only persons who hold 1932
poll tax receipts were qualified to
vote, unless they were exempt from the
payment of a poll tax under some provision of the law."

The rule is clear in Texas that a person must qualify before February 1st of the year in which he or she seeks to vote. It follows that a person who has not paid his poll tax, or has not otherwise qualified, before February 1, 1939,

Honorable Quincy Hawkins, Page 3

cannot vote in an election to be held in October, 1939.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Ross Carlton~~
Ross Carlton
Assistant

RC:FL

APPROVED OCT 10, 1939

*Acting* ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN